AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT

### for the
Northern District of Texas

FILED

AUG 2 3 2016

CLERK, U.S. DIST
By_____

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) |
| Target Items 1-6 as listed in Attachment A, currently in custody of Homeland Security located at 125 E. John Carpenter Freeway, Dallas, Texas 75062 | ) ) ) ) |

Case No.  4:16-MJ- 558

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Target Items 1-6 as listed in Attachment A.

located in the _____Northern_____ District of _____Texas_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment "B"

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2252 & 2252A | Possession, Receipt or Distribution of Child Pornography |

The application is based on these facts:

See Attached Affivadit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Kyle L. Kuykendall, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  _____08/23/2016_____

City and state:  Fort Worth, Texas

_____
*Judge's signature*

United States Magistrate Judge Jeffrey L. Cureton
*Printed name and title*

## AFFIDAVIT

I, Kyle L. Kuykendall, a Special Agent with the U.S. Immigration and Customs Enforcement, Homeland Security Investigations, being duly sworn, depose and state the following:

## INTRODUCTION

1.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an LG cellular telephone, three digital memory cards, one thumb drive, and a HP laptop computer—which are currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2.      I am a Special Agent with Homeland Security Investigations (HSI) within the U.S. Immigration and Customs Enforcement (ICE), assigned to the Office of the Special Agent in Charge, Dallas, Texas.  I have been employed by HSI since August 2008.  As part of my duties as an HSI agent, I investigate criminal violations relating to child exploitation and child pornography, including violations pertaining to the illegal production, distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2252 and 2252A.  I have received training in the areas of child pornography and child exploitation, and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media, including computer media.

Affidavit in Support of Application for Search Warrant - Page 1 of 12

I have been involved in numerous child pornography investigations and am very familiar with the tactics used by child pornography offenders who collect and distribute child pornographic material.

3.      As a federal agent, I am authorized to investigate violations of law of the United States and to execute warrants issued under the authority of the United States.

4.      This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE ITEMS TO BE EXAMINED

5.      The property to be seized and searched are one (1) LG cellular phone, black in color, serial number unknown; two (2) PNY digital memory cards; one (1) Lexar digital memory card; one (1) 64MB thumb drive; and one (1) HP laptop computer, serial number CND6125GZM which were discovered on or about the person or residence of **Christopher Dale Gann** at the time of his arrest on August 22, 2016, in Dallas, Texas. The above listed items have been placed into evidence at the Office of the Special Agent in Charge, U.S. Immigration Customs Enforcement, Homeland Security Investigations and are currently located at the Office of the Special Agent in Charge, located at 125 E. John Carpenter Freeway, Irving, Texas 75062.

6.      The applied-for warrant would authorize the seizure and subsequent forensic examination of the devices for the purpose of identifying electronically stored data particularly described in Attachment B.

Affidavit in Support of Application for Search Warrant - Page 2 of 12

## PROBABLE CAUSE

7.      In June of 2016, I arrested an individual in Tarrant County, in the Northern District of Texas, who attempted to entice or coerce a person whom he believed to be a minor to engage in unlawful sexual activity.  At the time of the individual's arrest, he was in possession of a cellular phone, which I subsequently seized and searched pursuant to a Federal search warrant, issued in the Northern District of Texas.

8.      Upon reviewing the contents of the seized cellular phone, I identified an electronic text message conversation, which occurred between the previously arrested individual and the user of phone number **214-[redacted]**. The text message conversation was sexually explicit in nature and described both parties' sexual interest in juvenile males.

9.      As part of the text message conversation, the user of phone number **214-[redacted]** stated, "But I have a weak spot for young boys and girls…especially young boys."  The user of phone number **214-[redacted]** went on to claim he had "had" minors as young as "4-5." At 4:00 PM (UTC) the user of phone number **214-[redacted]** sent a digital file titled "Screenshot_2016-02-11-04-12-05.png," which depicts a prepubescent male bent over and looking toward the camera while exposing his anus and genitals.  The caption below the photograph states, "Hot sons i wanna spoil and abuse."

10.     Upon receiving the digital image, the second party in the conversation replied by asking the age of the prepubescent male depicted in the image.  The user of phone number **214-[redacted]** replied, "I wanna say like 8."  The user of phone number

214-[redacted] subsequently claimed the minor depicted in the image was his "homeboys nephew" and "my homeboy fucks him a lot."

11.    At 4:14 PM (UTC) the user of phone number **214-[redacted]** sent a text message stating, "Ready for mine," and subsequently sent the digital image "Screenshot_2016-05-14-11-12-24.png," which depicts a prepubescent male standing directly in front of a post-pubescent male.  Both individuals appear to be nude below the waist and are engaged in, or simulating, genital-to-anal intercourse.  When asked the age of the minor in the image, the user of phone number **214-[redacted]** replied, "Like 12".

12.    The user of phone number **214-[redacted]** subsequently sent a third digital image titled "Screenshot_2016-05-13-11-12-59.png," which depicts a prepubescent male performing oral-to-genital intercourse on a post-pubescent male.

13.    In addition to the three digital images containing child pornography, the user of phone number **214-[redacted]** also sent an image of a fully-clothed, Caucasian male and indicated the image was a photograph of himself.

14.    A search of commercial databases revealed the phone number **214-[redacted]** has been associated with **Christopher Gann** of [redacted] Emberglow Lane, in Dallas, Texas.

15.    A review of Texas Department of Public Safety's sex offender registry database reveals **Christopher Dale Gann** of [redacted] Emberglow Lane, Dallas, Texas is a registered sex offender.  According to the registration database, **Gann** was

adjudicated as a juvenile for engaging in the aggravated sexual assault of a child. The registry indicates the victim was a 10-year-old male.

16.     A comparison of the photograph sent by the user of phone number **214-[redacted]** of the fully-clothed, Caucasian male and a photograph **Gann**, which is viewable on the Texas Department of Public Safety's sex offender registry database, appears to depict the same individual.

17.     On August 22, 2016, at approximately 1:47 P.M., Deputy U.S. Marshals and HSI Special Agents arrested **Gann** in Dallas, Texas for a felony warrant issued in Dallas County, Texas. At the time of his arrest, **Gann** was in possession of two cellular phones, an LG cellular telephone, model LGMS323, black in color and a LG cellular telephone, model LGMS345, also black in color, as well and three (3) memory cards. Also in **Gann's** possession were memory card readers, which enable SD cards to be reviewed on a computer or laptop device. When a Deputy Marshal called phone number **214-[redacted]**, the LGM323 cellular telephone, which was on **Gann's** person, rang and showed the contact information for the Deputy Marshal's own cellular phone.

18.     After his arrest HSI Special Agents allowed **Gann** to return to his temporary residence, which was located [redacted] Ferguson Road, Apartment 1035, in Dallas, Texas, for the purpose of dropping off personal items, which could not be taken into the Dallas County Jail. After entering the apartment, HSI Special Agents advised **Gann** of his *Miranda* rights. **Gann** stated he understood his rights and voluntarily waived them, for the purpose of answering the HSI Special Agents' questions.

**Affidavit in Support of Application for Search Warrant - Page 5 of 12**

19.     During the interview **Gann** stated he had previously received child pornography from an associate of his, whom he knew only as Jason (Last Name Unknown: LNU), and **Gann** had possibly sent images of child pornography, for the sole purpose of perpetuating online fantasies.

20.     While speaking with HSI Special Agents, **Gann** provided written consent to search the LGMS323 cellular telephone; however, he claimed the LGMS345 cellular telephone, the three (3) memory cards, and the thumb drive in his possession at the time of his arrest belonged to his associate, Jason LNU. **Gann** said he had previously received child pornography from Jason LNU and some or all of those pornographic images could be on the LGMS345 cellular telephone, the thumb drive and /or the three (3) digital memory cards.

21.     Also during the interview, **Gann** claimed ownership of an HP laptop computer, serial number CND6125GZM, which was located in the apartment. HSI Special Agents asked **Gann** if they could transport the HP Laptop computer back to the HSI office in Irving, Texas, to which **Gann** agreed and provided written consent.

22.     HSI Special Agents seized both cellular telephones, the three (3) memory cards, the thumb drive, and the HP laptop computer and transported all of the items to the HSI office located at 125 E. John Carpenter Freeway, in Irving, Texas.

## TECHNICAL TERMS

15.     Based on my training and experience, I use the following technical terms to convey the following meanings:

a. Cellular telephone:  A cellular telephone (or mobile telephone, or wireless

telephone) is a handheld wireless device used for voice and data

communication through radio signals.

These telephones send signals through networks of transmitter/receivers,

enabling communication with other wireless telephones or traditional "land

line" telephones.  A wireless telephone usually contains a "call log," which

records the telephone number, date, and time of calls made to and from the

phone.  In addition to enabling voice communications, wireless telephones

offer a broad range of capabilities.  These capabilities include: storing

names and phone numbers in electronic "address books;" sending,

receiving, and storing text messages and e-mail; taking, sending, receiving,

and storing still photographs and moving video; storing and playing back

audio files; storing dates, appointments, and other information on personal

calendars; and accessing and downloading information from the Internet.

Wireless telephones may also include global positioning system ("GPS")

technology for determining the location of the device.

b. Digital camera:  A digital camera is a camera that records pictures as digital

picture files, rather than by using photographic film.  Digital cameras use a

variety of fixed and removable storage media to store their recorded

images.  Images can usually be retrieved by connecting the camera to a

computer or by connecting the removable storage medium to a separate

reader.  Removable storage media include various types of flash memory cards or miniature hard drives.  Most digital cameras also include a screen for viewing the stored images.  This storage media can contain any digital data, including data unrelated to photographs or videos.

c.   Digital memory card (or simply memory card): Storage media, often used in digital cameras and cellular telephones, to record and store digital images, videos, documents, contact lists, application data, and audio files. The storage media is capable of retaining the stored information indefinitely, even when physically separated from the original recording device.

d.   IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet.  An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178).  Every phone or computer attached to the Internet must be assigned an IP address so that Internet traffic sent from and directed to that phone or computer may be directed properly from its source to its destination.  Most Internet service providers control a range of IP addresses.

e.   Internet: The Internet is a global network of computers and other electronic devices that communicate with each other.  Due to the structure of the Internet, connections between devices on the Internet often cross state and

international borders, even when the devices communicating with each other are in the same state.

16.    Based on my training and experience, I know that the LC cellular telephone has capabilities that allow it to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA.

I also know that, with the aid of memory card readers, SD cards can be reviewed on a laptop or computer device, such as the HP laptop computer that Gann had in his possession.  Additionally, I am aware that cellular phones and laptop computers can be used to communicate with instant messaging applications such as Kik and Skype.  In my training and experience, examining data stored on the laptop computer, cellular telephone, and the memory cards can potentially uncover, among other things, evidence that reveals or suggests who possessed or used the items.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

17.    Based on my knowledge, training, and experience, I know that electronic devices, to include laptop computers, cellular telephones and digital memory cards, can store information for long periods of time.

18.    Similarly, things that have been viewed or received via the Internet or cellular service may be stored for an extended period of time on the laptop computer, cellular telephone, and memory cards.  This information can sometimes be recovered with forensics tools.

19.   *Forensic evidence.*  As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the laptop computer, cellular telephone and digital memory cards were used, the purpose of its use, who used it, and when.  There is probable cause to believe that this forensic electronic evidence might be on the laptop computer, cellular telephones and digital memory cards because:

a.  Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file.

b.  Forensic evidence on a device can also indicate who has used or controlled the device.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c.  A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d.  The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process.  Electronic evidence is not always data that can be merely

reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e.  Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

20.    *Nature of examination.*  Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the devices consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the devices to human inspection in order to determine whether it is evidence described by the warrant.

21.    *Manner of execution.*  Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## **CONCLUSION**

22.     Based on the aforementioned factual information, I respectfully submit that there is probable cause to believe that evidence, fruits, and instrumentalities of such criminal offenses may be located at the location described in Attachment A, in violation of 18 U.S.C. §§ 2252 and 2252A. ·

23.     I, therefore, respectfully request that the attached warrant be issued authorizing the search of the items listed in Attachment B.

_____
Kyle L. Kuykendall, Special Agent
Homeland Security Investigations

Subscribed and sworn to before me on this the __23rd__ day of August, 2016, at __3:05__ p.m. in Fort Worth, Texas

_____
JEFFREY L. CURETON
United States Magistrate Judge

## ATTACHMENT A

The property to be seized and searched is one (1) LC cellular telephone, model LGS345, black in color, serial number unknown; two (2) PNY memory cards; one (1) Lexar memory card; one (1) 64MB thumb drive; and one (1) HP laptop computer, serial number CND6125GZM which were discovered on or about the person or residence of **Christopher Dale Gann** at his time of arrest on August 22, 2016, and placed into evidence at the Office of the Special Agent in Charge, U.S. Immigration Customs Enforcement, Homeland Security Investigations, hereinafter the "seized items." The seized items are currently located at the Office of the Special Agent in Charge, located at 125 E. John Carpenter Freeway, Irving, Texas 75062.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1.       All records on the devices described in Attachment A that relate to violations pertaining to the illegal production, distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2252 and 2252A, and involve **Christopher Dale Gann**, including:

   a. All stored contacts, address books, calendar appointments;

   b. Images or video used to promote or further the trafficking of children.

   c. Any locations marked by Global Positioning Satellites (GPS) that are associated with the attempted enticement of minors and or attempted transfer of obscene materials to a minor;

   d. Any applications and its contents, such as Kik and Skype, that may have been used to communicate with minors for the purpose of committing violations involving the sexual exploitation of minors;

   e. Any applications and its contents, such as Kik and Skype, that may have been used to communicate with Christopher Dale Gann regarding an interest in, or images of, the sexual exploitation of minors.

2.       Evidence of user attribution showing who used or owned the devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

    a.  Records evidencing the use of the Internet to communicate with Google servers and or Craigslist servers, or any other Internet servers promoting the business of enticement, prostitution or trafficking of minors including: records of Internet Protocol addresses used;

    b.  records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.